IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ASSOCIATES OF CAPE COD, INC. and ERIK J. PAUS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. Nos.   00-CV-11275-NG 00-CV-11582-NG |
| MARINE BIOLOGICAL LABORATORY, INC. and NORMAN J. WAINWRIGHT, | ) ) ) | |
| Defendants. | ) ) | |

### ANSWER OF DEFENDANTS
### MARINE BIOLOGICAL LABORATORY, INC. and NORMAN J. WAINWRIGHT

### FIRST DEFENSE

Pursuant to Fed. R. Civ. P. 8(b) and (c), defendants Marine Biological Laboratory, Inc. ("MBL") and Norman J. Wainwright respond to the allegations of the numbered paragraphs of the Complaint[1] of Associates of Cape Cod, Inc. ("ACC") and Erik J. Paus as follows:

### I. The Parties

1.    The Defendants are without information sufficient to form a belief as to the truth of the allegations of paragraph 1 and therefore deny those allegations.

2.    The Defendants are without information sufficient to form a belief as to the truth of the allegations of paragraph 2 and therefore deny those allegations.

3.    The Defendants admit the allegations of paragraph 3.

---

[1] One day after filing Civil Action No. 00-11275-NG, the plaintiffs filed a Complaint in Massachusetts' Barnstable Superior Court containing the same claims as already asserted in this action. The Defendants removed the Superior Court case and, by Order of September 14, 2000, this Court consolidated the cases, designating No. 00-11275-NG the lead. Accordingly, this Answer is made to the Complaint filed in No. 00-11275-NG, and the Defendants will not file a separate Answer to the Complaint filed in the removed and consolidated action, No. 00-11582-NG.

4. The Defendants admit the allegations of paragraph 4.

## II. Jurisdiction and Venue

5. The allegations of paragraph 5 are conclusions of law to which no response is required.

6. The allegations of paragraph 6 are conclusions of law to which no response is required.

7. The allegations of paragraph 7 are conclusions of law to which no response is required.

## III. Nature of the Action

8. The allegations contained in paragraph 8 purport to characterize the Complaint, a document that speaks for itself. Accordingly, the Defendants deny the allegations contained in paragraph 8 to the extent that they characterize the terms or substance of the Complaint in a manner inconsistent with its actual terms or substance, taken as a whole and in the proper context. The Defendants deny that they have committed any of the wrongs alleged or that any correction of ownership is appropriate.

9. The Defendants admit that Erik J. Paus is not named as a co-inventor of the subject matter of U.S. Patent No. 5,780,429 (the "'429 Patent"). The Defendants deny the remaining allegations of paragraph 9.

10. The Defendants admit the allegations of paragraph 10.

11. The Defendants admit that Dr. Wainwright executed an agreement with ACC on June 6, 1986 and that the indented text is excerpted, with omissions, from that agreement. The Defendants deny any remaining allegations of paragraph 11.

12. The Defendants admit the allegations of the first three and last three sentences of paragraph 12. Because "ENP" is not adequately defined, the Defendants deny the allegations of the fourth sentence of paragraph 12.

13. The Defendants admit the allegations of paragraph 13, with the exception of the allegation that ACC's research program relating to ENP was "vigorous," which they deny.

14. The Defendants deny the allegations of paragraph 14.

15. The Defendants deny the allegations of paragraph 15.

16. The Defendants admit that Dr. Wainwright executed an agreement with ACC on December 12, 1991. The remaining allegations contained in paragraph 16 purport to characterize the December 12, 1991 agreement, a document that speaks for itself. Accordingly, the Defendants deny the remaining allegations to the extent that they characterize the terms or substance of that agreement in a manner inconsistent with its actual terms or substance, taken as a whole and in the proper context.

17. The Defendants admit the allegations of paragraph 17.

18. The Defendants admit that from January 1, 1992 to approximately February 24, 1992, Dr. Wainwright performed research for ACC on a "fee for service" basis and that this work was subject to the provisions of the June 6, 1986 agreement. The Defendants deny the remaining allegations of paragraph 18.

19. The Defendants admit the allegations of paragraph 19.

20. The Defendants deny the allegations of paragraph 20.

21. The Defendants deny the allegations of paragraph 21.

22. The Defendants admit the allegations of the first sentence of paragraph 22. The Defendants deny the remaining allegations of paragraph 22.

23. The Defendants are without information sufficient to form a belief as to the truth of the allegations of paragraph 23 and therefore deny those allegations.

24. The Defendants admit that patent application number 08/577,464 (the "'464 Application") did not name Mr. Paus as a co-inventor. The Defendants deny the remaining allegations of paragraph 24.

25. The Defendants admit the allegations of paragraph 25.

26. The allegations contained in paragraph 26 purport to characterize the '429 patent, a document that speaks for itself. Accordingly, the Defendants deny the allegations of paragraph 26 to the extent that they characterize the terms or substance of that patent in a manner inconsistent with its actual terms or substance, taken as a whole and in the proper context.

27. The allegations contained in the first sentence of paragraph 27 purport to characterize the '429 patent, a document that speaks for itself. Accordingly, the Defendants deny the allegations of the first sentence of paragraph 27 to the extent that they characterize the terms or substance of that patent in a manner inconsistent with its actual terms or substance, taken as a whole and in the proper context. The Defendants deny the remaining allegations of paragraph 27.

28. The Defendants admit the allegations of the first sentence of paragraph 28 and that Dr. Wainwright assigned his rights in the '429 patent to MBL. The Defendants deny the remaining allegations of paragraph 28.

29. The Defendants deny the allegations of paragraph 29, including the implication that Dr. Wainwright engaged in any "wrongful conduct."

30. The Defendants deny the allegations of paragraph 30, including the implication that MBL has in the past used "confidential and proprietary information belonging to ACC."

31. The Defendants deny the allegations of paragraph 31, including the implication that MBL's ownership of the '429 patent is "improper."

### V. Claims for Relief

### Count One
### Correction of Inventorship Under 35 U.S.C. § 256

32. The Defendants incorporate the responses of paragraphs 1 through 31 above.

33. The Defendants deny the allegations of paragraph 33.

34. The Defendants admit that Mr. Paus was not named as an inventor of the '429 patent but are without information sufficient to form a belief as to the truth of the remaining allegations of paragraph 34 and therefore deny those allegations.

35. The Defendants deny the allegations of paragraph 35.

### Count Two
### Breach of Contract

36. The Defendants incorporate the responses of paragraphs 1 through 35 above.

37. The allegations contained in paragraph 37 purport to characterize the June 6, 1986 and/or December 12, 1991 agreements, documents that speaks for themselves. Accordingly, the Defendants deny the allegations to the extent that they characterize the terms or substance of those agreements in a manner inconsistent with their actual terms or substance, taken as a whole and in the proper context.

38. The Defendants are without information sufficient to form a belief as to the truth of the allegations of paragraph 38 and therefore deny those allegations.

39. The Defendants deny the allegations of paragraph 39, including the implication that Dr. Wainwright has engaged in any "wrongful acts."

40. The Defendants deny the allegations of paragraph 40, including the implication that Dr. Wainwright has engaged in any "wrongful conduct."

41. The Defendants deny the allegations of paragraph 41, including the implication that Dr. Wainwright has engaged in any "wrongful conduct."

Count Three
Breach of Confidentiality Agreement

42. The Defendants incorporate the responses of paragraphs 1 through 41 above.

43. The allegations contained in paragraph 43 purport to characterize the June 6, 1986 and/or December 12, 1991 agreements, documents that speaks for themselves. Accordingly, the Defendants deny the allegations to the extent that they characterize the terms or substance of those agreements in a manner inconsistent with their actual terms or substance, taken as a whole and in the proper context.

44. The Defendants are without information sufficient to form a belief as to the truth of the allegations of paragraph 44 and therefore deny those allegations.

45. The Defendants deny the allegations of paragraph 45, including the implication that Dr. Wainwright has engaged in any "wrongful acts."

46. The Defendants deny the allegations of paragraph 46, including the implication that Dr. Wainwright has engaged in any "wrongful conduct."

47. The Defendants deny the allegations of paragraph 47, including the implication that Dr. Wainwright has engaged in any "wrongful conduct."

Count Four
Breach of a Confidential Relationship

48. The Defendants incorporate the responses of paragraphs 1 through 47 above.

49. The Defendants admit that ACC provided Dr. Wainwright access to materials and information concerning or reflecting scientific research conducted at ACC for the purpose of allowing him to perform his responsibilities as an employee of ACC. In part because the terms "such materials" and "such information" are not adequately defined, the Defendants deny the remaining allegations of paragraph 49.

50. The Defendants deny the allegations of paragraph 50, in part because the term "ACC's confidential and proprietary materials and information" is not sufficiently defined.

51. The Defendants deny the allegations of paragraph 51.

52. The Defendants deny the allegations of paragraph 52, including the implication that Dr. Wainwright has in the past "disclose[d] and wrongfully utilize[d] ACC's confidential and proprietary information in breach of his confidential relationship with ACC."

53. The Defendants deny the allegations of paragraph 53, including the implication that Dr. Wainwright has engaged in any "wrongful conduct."

54. The Defendants deny the allegations of paragraph 54, including the implication that Dr. Wainwright has engaged in any "wrongful conduct."

## Count Five
### Fraud

55. The Defendants incorporate the responses of paragraphs 1 through 54 above.

56. The allegations contained in paragraph 56 purport to characterize the June 6, 1986 agreement, a document that speaks for itself. Accordingly, the Defendants deny the allegations to the extent that they characterize the terms or substance of that agreement in a manner inconsistent with its actual terms or substance, taken as a whole and in the proper context.

57. The allegations contained in paragraph 57 purport to characterize the December 12, 1991 agreement, a document that speaks for itself. Accordingly, the Defendants deny the

allegations to the extent that they characterize the terms or substance of that agreement in a manner inconsistent with its actual terms or substance, taken as a whole and in the proper context.

58. The Defendants deny the allegations of paragraph 58.

59. The Defendants are without information sufficient to form a belief as to ACC's "beliefs," "reliance," or "knowledge" and therefore deny the allegations of paragraph 59. The Defendants also deny the implication that Dr. Wainwright made misrepresentations to ACC.

60. The Defendants deny the allegations of paragraph 60, including the implication that Dr. Wainwright has engaged in any "fraudulent conduct."

61. The Defendants deny the allegations of paragraph 61, including the implication that Dr. Wainwright has engaged in any "fraudulent conduct."

Count Six
Unjust Enrichment

62. The Defendants incorporate the responses of paragraphs 1 through 61 above.

63. The Defendants deny the allegations of paragraph 63, including the implication that the Defendants' "acquisition of all rights, title and interest in the '429 patent" was "improper."

64. The Defendants deny the allegations of paragraph 64, including the implication that the Defendants' "acquisition of all rights, title and interest in the '429 patent" was "improper."

65. The Defendants deny the allegations of paragraph 65, including the implication that the Defendants' "acquisition of all rights, title and interest in the '429 patent" was "improper."

66. The Defendants deny the allegations of paragraph 66, including the implication that the Defendants' "acquisition of all rights, title and interest in the '429 patent" was "improper."

## Count Seven
### Intentional Interference with Advantageous Business Relationship

67. The Defendants incorporate the responses of paragraphs 1 through 66 above.

68. The Defendants admit the allegations of paragraph 68.

69. The Defendants deny the allegations of paragraph 69, including the implication that Dr. Wainwright breached the June 6, 1986 agreement.

70. The Defendants deny the allegations of paragraph 70, including the implication that MBL "interfer[ed] with the contractual relationship between Dr. Wainwright and ACC."

71. The Defendants deny the allegations of paragraph 71, including the implication that MBL "interfer[ed] with Dr. Wainwright's performance of his obligations under the [June 6, 1986 agreement]."

## Count Eight
### Misappropriation of Trade Secrets

72. The Defendants incorporate the responses of paragraphs 1 through 71 above.

73. The Defendants deny the allegations of paragraph 73, in part because the term "ACC's Trade Secrets" is not adequately defined.

74. The Defendants deny the allegations of paragraph 74, in part because the term "Trade Secrets" is not adequately defined.

75. The Defendants deny the allegations of paragraph 75, in part because the term "ACC's Trade Secrets" is not adequately defined.

76. The Defendants deny the allegations of paragraph 76, in part because the term "ACC's Trade Secrets" is not adequately defined.

77. The Defendants deny the allegations of paragraph 77, in part because the term "ACC's Trade Secrets" is not adequately defined.

78. The Defendants deny the allegations of paragraph 78, in part because the term "ACC's Trade Secrets" is not adequately defined.

79. The Defendants deny the allegations of paragraph 79, in part because the term "ACC's Trade Secrets" is not adequately defined.

80. The Defendants deny the allegations of paragraph 80.

81. The Defendants deny the allegations of paragraph 81, including the implication that they have in the past used or disclosed ACC trade secrets, in part because the term "ACC's Trade Secrets" is not adequately defined.

82. The Defendants deny the allegations of paragraph 82, including the implication that they have in the past used or disclosed ACC trade secrets, in part because the term "ACC's Trade Secrets" is not adequately defined.

83. The Defendants deny the allegations of paragraph 83, including the implication that ACC has suffered any injury.

84. The Defendants deny the allegations of paragraph 84, in part because the term "ACC's Trade Secrets" is not adequately defined.

Count Nine
Unfair Competition

85. The Defendants incorporate the responses of paragraphs 1 through 84 above.

86. The Defendants deny the allegations of paragraph 86.

87. The Defendants deny the allegations of paragraph 87, including the implication that they have engaged in any "wrongful conduct."

88. The Defendants deny the allegations of paragraph 88.

## Count Ten
## Declaratory Judgment-Constructive Trust

89. The Defendants incorporate the responses of paragraphs 1 through 88 above.

90. The Defendants deny the allegations of paragraph 90, including the implication that ACC is the "rightful and true owner of the '429 patent."

91. The Defendants deny the allegations of paragraph 91, including the implication that Mr. Paus is "a true co-inventor of the '429 patent."

92. The Defendants deny the allegations of paragraph 92.

### SECOND DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

The plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

### FOURTH DEFENSE

The plaintiffs, by their own actions and conduct, are estopped from recovering on the claims asserted.

### FIFTH DEFENSE

The plaintiffs, by their own actions and conduct, have waived the claims asserted.

### SIXTH DEFENSE

The plaintiffs' claims are barred by laches.

### SEVENTH DEFENSE

The plaintiffs' state law claims are preempted, in whole or in part, by the United States Patent Act, 35 U.S.C. § 1, et seq., and the Court therefore lacks subject matter jurisdiction over those claims, in whole or in part.

### EIGHTH DEFENSE

The plaintiffs' contract claims fail for want of consideration.

### NINTH DEFENSE

Count Five is not pled with the particularity required by Fed. R. Civ. P. 9(b).

WHEREFORE, defendants Marine Biological Laboratory, Inc. and Norman J. Wainwright respectfully request that this Court:

1. dismiss the Complaint with Prejudice;

2. award the defendants their reasonable attorneys' fees and experts' fees, costs, and expenses incurred in defending this action; and

3. grant the defendants such further relief as is just, warranted, and reasonable under the circumstances.

Wayne L. Stoner
Aaron W. Moore
Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000
Attorneys For Defendants Marine Biological
Laboratory, Inc. and Norman J. Wainwright

Dated: January 26, 2001